# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DRAKE JAMES LEORIS JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 18-CV-02575 |
| CHICAGO TITLE LAND TRUST COMPANY AND JEAN M. LEORIS, | ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Drake James Leoris, Jr. filed suit in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois, seeking a declaratory judgment that he is the sole beneficiary of Illinois Land Trust 50677T ("the land trust"). According to Drake Leoris Jr.'s complaint, he and his father, Drake Leoris Sr., were joint tenants in the land trust, which owns property located at 620-622 Laurel Avenue in Highland Park, Illinois ("the property"). Before Leoris Sr.'s death, he assigned his interest in the land trust to his wife (and Leoris Jr.'s stepmother), Jean M. Leoris. Leoris Jr.'s suit challenges that assignment, alleging, among other things, that Leoris Sr. was mentally incapacitated at the time it was made. The suit names as defendants Jean Leoris and Chicago Title Land Trust Company, the land trust's trustee.

Jean Leoris removed the suit to federal court. See Notice of Removal, ECF No. 1. According to the removal notice, Leoris Jr. is a resident of Illinois, Jean Leoris is a resident of Wisconsin, and the land trust is an "Illinois land trust." *Id.* at 1. Although the removal notice does not identify an amount in controversy, the light it sheds is dim, merely noting that at one point Leoris Sr. owed $500,000 in debt encumbering the property. The Court has raised the issue of subject matter jurisdiction *sua sponte*. "Courts have an independent obligation to determine

whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

The existence *vel non* of subject matter jurisdiction in this case poses a novel question of the role the Illinois land trust—a unique type of trust in which the trustee has virtually no power—plays in assessing diversity. When a property is placed in a land trust, "both the legal and equitable title to the res are vested in the trustee, not the beneficiary." *Estate of Bowgren v. C.I.R.*, 105 F.3d 1156, 1160 (7th Cir. 1997). But technical legal ownership is, more or less, the beginning and the end of the trustee's power over the res. "Land trusts vest the usual attributes of ownership—the rights of possession and management of the property, as well as the rights to rents and proceeds from the property—in the beneficiary or beneficiaries." *Id*. The beneficiaries' interests in the property are categorized as personal property interests rather than real estate interests. *Id*. Because the beneficiaries have complete control over the property, "the trustee has no duties or powers other than to execute deeds and mortgages or otherwise to deal with the property as directed by the holder of the power of direction." *Id*.

As an initial matter, the parties dispute whether the land trust bears the citizenship of the trustee or the beneficiaries. Typically, in cases concerning a trust, the relevant citizenship depends on who is suing or being sued: "[T]he citizenship of the litigant controls. . . . When the trustee sues (or is sued), the trustee's citizenship matters. And when the beneficiary sues or is sued, or a trust litigates in its own name, again the citizenship of the party controls." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016). In *RTP*, the Seventh Circuit reversed its long-standing precedent and determined that the citizenship of the beneficiaries of a trust—rather than the citizenship of the trustee—are relevant for diversity purposes when a trust itself is sued. In this case, however, the trustee (Chicago Title), not the trust itself, is the named

defendant, and it is undisputed that Chicago Title is an Illinois citizen. Moreover, even if the relevant citizenships were those of the land trust's beneficiaries rather than that of the trustee, the land trust would still (likely)[1] be a citizen of Illinois because the removal notice identifies Leoris Jr., who is at least a partial beneficiary of the land trust, as a resident of Illinois.

All this suggests, then, that the Court has no subject matter jurisdiction over the case because Leoris Jr., the plaintiff, is probably a citizen of Illinois, as is one of the defendants (the trustee). But there is another wrinkle. For purposes of assessing diversity, the Court may ignore a nominal defendant, who "can be joined to aid the recovery of relief without an assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of the litigation." *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991). "Because the nominal defendant is a trustee, agent, or depositary, who has possession of the [property] which are the subject of the litigation, he must often be joined purely as a means of facilitating collection. The court needs to order the nominal defendant to turn over [the property] to the prevailing party." *Id*. The trustee in this case is a nominal party. There is no dispute that the land trust owns the property; the dispute in this case concerns who, as between Leoris Jr. and Jean Leoris, holds the "personal property interests" attendant to being a beneficiary of the land trust. *Bowgren*, 105 F.3d at 1160. No party asserts that the trustee has personal property interests as a beneficiary of the land trust. Instead, the trustee is a mere conduit through which proper beneficiaries of the land trust exercise their personal property rights. Viewing the case through that lens, the trustee is hardly different than an escrow agent or any other individual who possesses property, but whose only role in a dispute is to deliver the property to the victor. Leoris Jr. contends that the trustee is not a nominal party because it is "a necessary defendant in order

---

[1] As the Court discusses below, the complaint improperly identifies the residencies, rather than the citizenships, of Leoris Jr. and Jean Leoris.

for the court to effectuate complete relief," Pl.'s Jurisdictional Br. 6, ECF No. 10, but this describes precisely the circumstance in which a party is nominal: when the party must be joined to a suit to provide the ultimate relief, but otherwise has no interest in the outcome of the case. *See Matchett v. Wold*, 818 F.2d 574, 576 (7th Cir. 1987) ("The addition to a lawsuit of a purely nominal party—the holder of the stakes of the dispute between the plaintiff and the original defendant—does not affect diversity jurisdiction.").

That the trustee's citizenship may be ignored, however, does not mean that Jean Leoris filed a proper notice of removal. The removal notice lists only Leoris Jr.'s and Jean Leoris's residencies rather than their states of citizenship, and allegations of residency are insufficient to establish diversity jurisdiction. *See Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001). The removal notice is also deficient because neither it nor the complaint alleges an amount in controversy exceeding $75,000—or an amount in controversy at all. *See Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 856 (7th Cir. 2018) ("The diversity statute, 28 U.S.C. § 1332, grants jurisdiction when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs."). Jean Leoris is therefore directed to file an amended removal notice properly identifying the citizenships of the parties and the amount in controversy by June 26, 2018, or this case will be remanded to state court.

Dated: June 5, 2018

John J. Tharp, Jr.
United States District Judge